BOWMAN v. COLEMAN.

1. Stipulations—Open Court—Compromise and Settlement—Recission of Land Contract.

Claim that stipulation, made in open court, in suit to rescind purchase agreement and to cancel a purchase-money note and mortgage was not a complete and binding agreement, but only an attempted settlement of the suit, *held*, not supported by record, where it appears defendant was to make repairs, which were to be inspected by the township building inspector, report made by him to be filed with the court where he might be questioned and determination made by the court as to fairness of the inspection and if it found that defendants had completed performance the bill was to be dismissed without costs.

2. Same—Performance.

A stipulation between parties to a lawsuit, not involving considerations beyond the mere rights of the parties which must rest in the discretion of the court, made in open court with the judge's participation and approval concerning the terms of settlement, was binding upon the parties upon completion of performance by defendants of their part of the agreement in reliance on the terms of the stipulation.

3. Same—Compromise and Settlement—Approval of Court.

Courts may not disturb compromise settlements between parties made in open court and bearing the court's approval, in the absence of mistake, fraud or unconscionable advantage.

4. Appeal and Error—Stipulations—Costs.

Decree is ordered entered dismissing bill to rescind purchase agreement without costs of trial court, where parties had entered into stipulation in open court that bill should be dismissed without costs upon determination made by the court that defendants had completed performance of certain repairs

References for Points in Headnotes
[1, 2] 50 Am Jur, Stipulations § 9.
[3] 11 Am Jur, Compromise and Settlement § 25.

and such determination was made, but trial court provided, contrary to the stipulation, that defendants should pay $800 costs as condition of entry of decree dismissing the bill, defendants being allowed costs of appeal.

Appeal from Wayne; Bowles (George E.), J. Submitted April 10, 1959. (Docket No. 40, Calendar No. 48,000.) Decided June 6, 1959.

Bill by Sherman E. Bowman and Bernice E. Bowman against Jack Coleman, doing business as Unity Construction Company, Allman Building Company, a Michigan corporation, and others, to rescind agreement to purchase house. Settlement stipulated on court record. Decree entered ordering costs as prerequisite to dismissal. Defendants appeal. Reversed and decree of dismissal without costs ordered.

*Isaac M. Smullin,* for plaintiffs.

*Fischer, Sprague, Franklin & Ford (David G. Barnett,* of counsel), for defendants.

DETHMERS, C. J. Defendants built and sold a house to plaintiffs. Plaintiffs moved in. Later, they claimed certain repairs and modifications were required to make the house right and as represented. Defendants denied this. Plaintiffs then brought this suit, seeking rescission of the purchase agreement and cancellation of the purchase-money note and mortgage.

When the case came on for trial the parties entered into a stipulation, in open court, through oral statements made by counsel for both parties and the court, which were read into the record, the arrangement being both prompted and approved by the court. It was agreed that the case should be adjourned for a definite period, that in the interim defendants would make certain repairs in the house,

that it should be inspected then by the township building inspector who should file a report of his inspection with the court, that thereafter the parties were to have opportunity to question the inspector in court, and, finally, that if the court should find that the inspection had been fair and that defendants had completed performance of their obligations under the stipulation, then plaintiffs' bill of complaint would be dismissed with prejudice and without costs.

The case was adjourned accordingly, the defendants made the repairs as agreed, the inspector inspected and filed with the court a favorable report concerning defendants' repairs, he was examined in court, and the court found that defendants had completely performed their undertakings under the stipulation. Thereupon the court entered a decree, reciting the substance of the stipulation, including its provision that the cause was to be dismissed without costs, finding complete performance of the stipulation by defendants, and ordering the case dismissed upon defendants paying plaintiffs $800 for costs and expenses and, particularly, for attorneys' fees. Defendants objected, without avail, to the provision for costs which was contrary to the express terms of the stipulation. Their appeal is from the costs provision of the decree.

Plaintiffs say the stipulation was not a complete and binding agreement, but only an attempted settlement. The record does not bear them out on this. Plaintiffs urge that a trial court is not bound by the stipulation of parties, citing 83 CJS, Stipulations, § 17, and *Peiter* v. *Degenring,* 136 Conn 331 (71 A2d 87). It is self-evident, particularly as relates to custody and alimony matters in divorce cases and others of a similar character involving considerations beyond the mere rights of the parties, that they do not have the power to control by agreement but de-

termination must rest in the discretion of the court. Nor is it surprising to find it held in the Connecticut case that a court need not be bound by the parties' stipulation as to what the facts are. In the instant case the situation is otherwise. The parties stipulated with respect to their relative substantive rights, about which they might lawfully make a binding agreement. They made the agreement in open court and with the judge's participation and approval concerning the terms of settlement of a controversy. That was the time, if ever, for the court to disapprove or decline to be bound by the parties' stipulation. The court having approved it, the defendants, in reliance thereon, performed their part of the agreement. May the court then refuse to give it binding effect on plaintiffs? We think not.

Defendants cite *Prichard* v. *Sharp*, 51 Mich 432, which holds that courts cannot disturb compromise settlements between parties unless on satisfactory evidence, lacking here, of mistake, fraud or unconscionable advantage. How much more should this be held to be true with respect to compromise settlements made in open court, bearing the court's approval when made and thereafter performed by one of the parties in full.

Decree reversed and set aside. A decree may enter here dismissing plaintiffs' bill of complaint with prejudice and without costs. Defendants may have their costs of appeal.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.