## KORON v MELENDY

Docket No. 170393. Submitted September 22, 1994, at Grand Rapids.
Decided October 3, 1994, at 9:40 A.M.

Margaret M. Koron filed a complaint in the Kent Circuit Court seeking a divorce from Robert C. Melendy. The parties placed on the record their agreement that they would share joint legal custody of their minor daughter, the plaintiff would have physical custody, and the defendant would have visitation two days a week. The defendant personally drafted a proposed judgment of divorce and filed a motion for entry of the judgment. The plaintiff objected, noting in the proposed judgment contradictory language regarding the matter of physical custody. The court, H. David Soet, J., stated that it would change the contradictory language to comport with the parties' agreement. The court then entered a judgment that awarded the parties joint legal custody, the plaintiff physical custody, and the defendant visitation. The defendant appealed.

The Court of Appeals *held*:

1. The judgment entered by the trial court correctly reflects the parties' agreement regarding custody and visitation.

2. The trial court did not err in failing to articulate on the record its findings regarding each of the best interest factors outlined in MCL 722.23; MSA 25.312(3). In cases where the parties are in agreement regarding custody and visitation and present the court with such an agreement, the trial court need not expressly articulate each of the best interest factors. Implicit in the court's acceptance of the parties' agreement is its determination that the arrangement is in the child's best interest.

Affirmed.

1. DIVORCE — CHILD CUSTODY — STIPULATIONS — JUDGMENTS — BEST INTEREST FACTORS.

A trial court in a divorce action may accept the parties' stipula-

REFERENCES

Am Jur 2d, Divorce and Seperation §§ 970, 974, 981; Infants §§ 29, 43, 47.

See ALR Index under Custody and Support of Children; Divorce and Separation.

tions or agreements regarding child custody and visitation and include them in the orders of the court; because the court's acceptance implicitly includes the court's determination that the agreement is in the child's best interest, the court need not expressly articulate on the record its finding regarding each of the statutory best interest factors (MCL 722.23; MSA 25.312[3]).

2. DIVORCE — CHILD CUSTODY — STIPULATIONS — APPEAL.

Where a trial court in a divorce action acts in its judicial capacity to include the parties' stipulation regarding child custody and visitation in its judgment, the Court of Appeals will assume, absent the trial court's later acknowledgment to the contrary, that the trial court employed appropriate deliberation and recognized and utilized the applicable law.

*Milanowski & Milanowski* (by *Thomas A. Milanowski*), for the plaintiff.

*Kenneth J. Sanders, P.C.* (by *Kenneth J. Sanders*), for the defendant.

Before: REILLY, P.J., and TAYLOR and M. E. KOBZA,* JJ.

TAYLOR, J. Defendant appeals as of right from the parties' consent judgment of divorce, challenging the provisions concerning physical custody and visitation of their minor daughter. We affirm.

On April 2, 1993, the parties placed on the record the agreement they reached regarding custody and visitation of their minor daughter. They agreed to share joint legal custody with plaintiff to have physical custody. Defendant received visitation two days a week. The agreement was to continue until the child's third birthday, at which time defendant was to receive overnight visitation. The parties also agreed to review the matter of legal and physical custody after the child's third birthday.

* Circuit judge, sitting on the Court of Appeals by assignment.

On August 23, 1993, defendant filed a motion for entry of the divorce judgment. The proposed judgment was drafted by defendant himself. At the hearing on defendant's motion, plaintiff objected to the proposed judgment in that it contained contradictory language regarding legal and physical custody; one provision in the proposed judgment indicated that the parties had joint legal and joint physical custody whereas another provision indicated that the parties had joint legal custody, but that plaintiff had physical custody. The court stated that it would change the contradictory language to comport with the parties' agreement, stating:

> He [defendant] does not have custody. He has visitation, and during visitation he is, in a sense, the custodial parent.

On November 5, 1993, a judgment of divorce was entered providing that the parties share joint legal custody, with plaintiff possessing physical custody of their minor child. Defendant was awarded visitation.

Defendant argues not only that the stipulation was not reflected in the judgment as entered, but also that the consent judgment of divorce must be set aside because the trial court erred in accepting the stipulation without first making the findings of fact regarding custody outlined in MCL 722.23; MSA 25.312(3). We disagree. As an initial matter, our review of the record indicates that the judgment as entered correctly reflects the parties' agreement regarding custody and visitation. With regard to his second issue, the import of defendant's position would be to effectively eliminate stipulations in consent judgments regarding custody. This we decline to do because the law does not compel it.

In *Bowman v Coleman,* 356 Mich 390, 392-393; 97 NW2d 118 (1959), our Supreme Court, in dicta, indicated:

> It is self-evident, particularly as relates to custody and alimony matters in divorce cases and others of a similar character involving considerations beyond the mere rights of the parties, that they do not have the power to control by agreement but determination must rest in the discretion of the court.

While it is true that a trial court is not bound by the parties' stipulations or agreements regarding child custody, *Napora v Napora,* 159 Mich App 241, 245; 406 NW2d 197 (1986), the court is not precluded from accepting the parties' agreement and including it in the orders of the court. Implicit in the trial court's acceptance of the parties' custody and visitation arrangement is the court's determination that the arrangement struck by the parties is in the child's best interest.

As our Supreme Court said regarding matters included in a judgment of divorce, no matter how much negotiated and ultimately agreed on by the parties before the entry of the judgment, they are after all a part of the court's judgment, "presumably reached by [the court] only after profound deliberation and in the exercise of [its] traditional broad discretion . . . ." *Greene v Greene,* 357 Mich 196, 202; 98 NW2d 519 (1959). In other words, in accepting the parties' agreement regarding custody and visitation, the trial court was performing a judicial act. This means when a court acts in its judicial capacity to include a stipulation regarding custody and visitation in its judgment, we assume, absent the court's later acknowledgment to the contrary, appropriate de-

liberation as well as recognition and utilization of the applicable law.

Defendant cites several cases in support of the proposition that, in every case, the trial court is required to place on the record findings of fact regarding the statutory best interest factors. See *Hoffman v Hoffman,* 119 Mich App 79; 326 NW2d 136 (1982); *Dowd v Dowd,* 97 Mich App 276; 293 NW2d 797 (1980). We find that the instant case is distinguishable in that the cases cited by defendant deal with modification of the terms of a custody arrangement rather than the entry of the original agreement via the trial court's inclusion of the agreement in the consent judgment.

The merit of the approach we adopt in this case was well articulated in the dissent in *Napora, supra.* As the dissent noted in *Napora,* there must be a distinction between cases in which custody is contested and cases where the parties present the court with an agreement regarding custody and visitation. *Id.* at 247-250. As the dissent aptly expressed:

> Few methods are quicker and less strenuous on family relationships than agreements of the parties. If a court accepts and enforces a stipulated custody arrangement, the affected child is relieved of the tension and competition of parents often present in custody hearings. Such results, serving the child's best interest, should be encouraged. [*Id.* at 249-250].

Accordingly, we hold that in cases where the parties are in agreement regarding custody and visitation and present the court with such an agreement, the trial court need not expressly articulate each of the best interest factors. Implicit in the court's acceptance of the parties' agreement is its determination that the arrangement is in the

child's best interest. This is also, of course, in accord with this state's public policy to encourage voluntary agreements between the parties in domestic relations matters. MCL 552.501; MSA 25.176(1).

Defendant raises two other issues on appeal that we decline to address for the reason that those issues have been abandoned by failure to provide citations to supportive authority. *Goolsby v Detroit,* 419 Mich 651, 655, n 1; 358 NW2d 856 (1984).

Affirmed.