## WYSKOWSKI v WYSKOWSKI

Docket No. 157080. Submitted June 21, 1995, at Lansing. Decided June 30, 1995, at 9:05 A.M.

Victor W. Wyskowski brought an action in the Ingham Circuit Court seeking a divorce from Penny L. Wyskowski. Following mediation agreed to by the parties, the mediator prepared a written agreement, which the parties and their attorneys signed. The plaintiff subsequently prepared a proposed judgment of divorce incorporating the terms of the mediation agreement. However, the defendant opposed the entry of that judgment, contending that the agreement was unenforceable because the signatures thereon had not been notarized. The plaintiff moved for summary disposition and for the entry of the proposed judgment, and the court, Lawrence M. Glazer, J., granted the motion. The defendant appealed.

The Court of Appeals *held:*

MCR 3.216(G)(7) provides that if a settlement is reached as a result of domestic relations mediation, the terms of that settlement must be reduced to writing, signed by the parties and their attorneys, and acknowledged by the parties. As used in the court rule, "acknowledged by the parties" means an indication at the eventual hearing for the entry of a judgment of divorce that the agreement between the parties was indeed the agreement they reached at mediation and that their signatures were affixed to it. It does not mean that the signatures on the mediation settlement must be notarized or verified.

Affirmed.

PRETRIAL PROCEDURE — DOMESTIC RELATIONS MEDIATION — SETTLEMENTS — ACKNOWLEDGMENT BY PARTIES.

A written settlement reached in domestic relations mediation is acknowledged by the parties as required by court rule where they indicate at the eventual hearing for the entry of the judgment of divorce that the settlement reflects the agreement they reached at mediation and that they affixed their signatures to the settlement (MCR 3.216[G][7]).

REFERENCES

Am Jur 2d, Divorce and Separation. § 820.
See ALR Index under Divorce and Separation.

*R. David Wilson,* for the plaintiff.

*Denise Arnold* and *Burt A. Bothell,* for the defendant.

Before: SAAD, P.J., and TAYLOR and P. J. CONLIN,* JJ.

TAYLOR, J. Defendant appeals as of right the entry of a judgment of divorce, the terms of which were premised upon a domestic relations mediation agreement. We affirm.

In this divorce action, the parties agreed to domestic relations mediation pursuant to MCR 3.216. In the course of mediation, the parties reached agreement regarding all issues. The mediator prepared a handwritten mediation agreement, which the parties and their respective counsel each signed. MCR 3.216(G)(7). None of the four signatures, however, were notarized. Plaintiff subsequently prepared a judgment of divorce that incorporated the parties' mediation agreement. Defendant refused to consent to the judgment, having come to the view that the agreement was not fair and equitable.

Plaintiff filed a motion for summary disposition and entry of judgment. Defendant argued in opposition to the motion that the mediation agreement was unenforceable and could not form the basis of a judgment of divorce because the parties' signatures on the mediation agreement were not "acknowledged" as required by MCR 3.216(G)(7). The trial court rejected defendant's argument and granted plaintiff's motion.

MCR 3.216(G)(7) states as follows:

> If a settlement is reached as a result of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mediation, the terms of that settlement must be reduced to writing, signed by the parties and their attorneys, and *acknowledged by the parties.* The parties must deliver the written settlement agreement to the mediator within 14 days after the session at which the agreement was reached, and the mediator must file it with the mediation clerk within 7 days after receiving it. The parties must take the steps necessary to enter judgment as in the case of other settlements. Unless the parties have agreed otherwise and have so informed the mediator, the mediation will be deemed to have failed to achieve a settlement, and the mediator must prepare a report as provided in subrule (G) (8), if the written settlement agreement has not been delivered to the mediator within 14 days. [Emphasis added.]

On appeal, defendant argues that the phrase "acknowledged by the parties" requires that the settlement be notarized. We disagree.

In support of her position, defendant refers to the Uniform Recognition of Acknowledgments Act (URAA), MCL 565.261 *et seq.*; MSA 26.607(1) *et seq.* However, the URAA only addresses who can perform notarial acts, the form language to be used by a notary, and other ministerial measures concerning notarization. The act does not define when this procedure must be used. As a result, the URAA is of no assistance in analyzing MCR 3.216(G)(7).

We must look to the court rules themselves, rather than to the URAA, to determine if "acknowledged by the parties" means that verification is required. We conclude that it does not because, when verification is required, the drafters of the court rules have expressly stated that. See MCR 2.107(D); MCR 2.113(A). Further, MCR 2.114 discusses verification of pleadings, the rules to establish verification, and, most importantly, MCR 2.114(A)(1) expressly states that verification or

accompaniment by an affidavit is not required unless specifically provided by rule or statute. Accordingly, if the drafters of the rules had intended the term "acknowledged" in MCR 3.216(G)(7) to mean notarized, they would have used unambiguous terms to indicate their intent. This having not been done, we decline to read a verification or notarization requirement into MCR 3.216(G)(7).

Moreover, our decision in this case is compelled by the unique circumstances that surround a divorce settlement and judgment. Unlike virtually all other civil litigation between competent individuals, a divorce, even when settled, requires a hearing in the circuit court and the taking of proofs before a judgment can be entered. MCR 3.210(B)(2). As we pointed out in *Koron v Melendy*, 207 Mich App 188, 191; 523 NW2d 870 (1994), this requirement allows for an exercise of judicial discretion. In contemplation of this judicial activity, when the terms of the parties' agreement are placed on the record there must at least be an admission, i.e., acknowledgment, by the parties that the agreement contains the terms of the settlement and the parties' signatures. This acknowledgment of the settlement's terms and the parties' signatures allows the court to exercise the anticipated discretion in an informed manner. Thus, it is with recognition of this distinctive aspect of divorce litigation that the term "acknowledged" in MCR 3.216(G)(7) should be read.

Accordingly, we conclude that "acknowledged by the parties" in MCR 3.216(G)(7) refers to an indication at the eventual divorce judgment hearing that the agreement between the parties was indeed the agreement they reached at mediation and that their signatures were affixed to it.

Affirmed.