# STATE OF MICHIGAN

# COURT OF APPEALS

JAMIE KIM RETTIG,

        Plaintiff-Appellee,

v

JEFFREY RETTIG,

        Defendant-Appellant.

FOR PUBLICATION
January 23, 2018
9:20 a.m.

No.  338614
Kent Circuit Court
LC No.  16-03474-DM

Before:  MARKEY, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J.

Defendant appeals by right the trial court's order denying his motion for reconsideration, rehearing, and relief from judgment; substantively, he appeals the parties' judgment of divorce, which was entered pursuant to a memorandum signed by the parties following a mediation meeting.  The memo outlined and resolved all the disputes for the divorce and was thus adopted by the trial court.  We affirm.

We note initially that defendant complains that plaintiff allegedly failed to disclose a real estate interest.  However, it appears that the trial court addressed that issue, and in any event, defendant makes no argument pertaining to it and no request for relief for it.  We deem it to be a "red herring" not properly before this Court or relevant to the issue before us, and even if defendant *had* made a relevant request for relief, his failure to present any argument on point would have waived any basis for such relief.  See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

The parties married in 2015 and had one minor child together, although plaintiff has another child from a previous relationship.  The marriage did not last long, and plaintiff filed for divorce approximately five months later.  In a motion for custody, parenting time, and child support, plaintiff expressed a number of concerns, including an alleged lack of caretaking interest or ability by defendant, an alleged abuse of drugs and alcohol by defendant, and a variety of violent threats or outbursts by defendant.  Plaintiff sought full physical custody of the parties' child with some weekly supervised parenting time for defendant; defendant denied the allegations and sought joint legal and physical custody.  The trial court entered a temporary order granting joint legal custody, granting plaintiff sole physical custody, granting defendant parenting time 3 times per week, and ordering defendant to pay $700 a month in child support.

-1-

Following the temporary order, the parties participated in facilitated mediation. Both parties had retained counsel. The parties reached an agreement on all issues in the divorce. Among other agreements, defendant's child support was reduced to $300 a month, his parenting time was extended, and the parties agreed to review parenting time and custody when the child reached certain ages. The memorandum signed by the parties reflecting their agreement concluded with the following provision:

> "This memorandum of understanding spells out the agreement that we have reached in mediation. This resolves all disputes between the parties and the parties agree to be bound by this agreement."

The memorandum also seemed to resolve disputes over personal property, and it enumerated the parties' specified real estate. As noted, defendant contends that plaintiff did not fully disclose her real estate interests, but that issue has either been addressed by the trial court or waived, and it is not before us.

The parties held a settlement conference before the trial court. Plaintiff subsequently filed a motion for entry of judgment, while defendant filed a motion to set aside the settlement memorandum. The trial court held a hearing on the parties' respective motions and entered the judgment of divorce. The trial court observed that defendant had signed the memorandum in the presence of counsel and that defendant's signature was expected to "mean something." The trial court also asked that this Court provide express guidance "whether or not the parties have the right to make decisions for their own children." We do so, and we agree with the trial court's assessment of the situation.

> Unlike virtually all other civil litigation between competent individuals, a divorce, even when settled, requires a hearing in the circuit court and the taking of proofs before a judgment can be entered. MCR 3.210(B)(2). As we pointed out in *Koron v Melendy*, 207 Mich App 188, 191, 523 NW2d 870 (1994), this requirement allows for an exercise of judicial discretion. In contemplation of this judicial activity, when the terms of the parties' agreement are placed on the record there must at least be an admission, i.e., acknowledgment, by the parties that the agreement contains the terms of the settlement and the parties' signatures. This acknowledgment of the settlement's terms and the parties' signatures allows the court to exercise the anticipated discretion in an informed manner. [*Wyskowski v Wyskowski*, 211 Mich App 699, 702; 536 NW2d 603 (1995).]

"A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. *Fletcher v Fletcher*, 229 Mich App 19, 24; 581 NW2d 11 (1998). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). "The finding of the trial court concerning the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of an abuse of discretion." *Vittiglio v Vittiglio*, 297 Mich App 391, 397; 824 NW2d 591 (2012). "This Court will defer to the trial court's credibility determinations, and the trial court has discretion to accord differing weight to the best-interest factors." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008).

Here, the parties did come to an agreement, which was embodied in the memorandum. Notwithstanding his protestations that he felt pressured, defendant does not seriously dispute that the memorandum reflected the agreement and bore his signature. Even if he attempted to seriously engage in such a dispute, the trial court clearly found that defendant had in fact agreed to the memorandum, which, given the deference given to the trial court's findings, would be conclusive at this stage. Rather, it appears that defendant simply regretted making the agreement. He now attempts to raise essentially procedural challenges, in particular noting that it was not read into the record in open court and it was not signed by the parties' mediator or attorneys. Defendant likens the agreement to a mediation settlement, where MCR 3.216(H)(7) and MCR 2.507 (G) would require certain procedures to be followed. However, there was a hearing held and the agreement was scrutinized before entered into the proposed judgment. Thus, the agreement between the two parties was valid.

This Court has ruled that "in cases where the parties are in agreement regarding custody and visitation and present the court with such an agreement, the trial court need not expressly articulate each of the best interest factors. Implicit in the court's acceptance of the parties' agreement is its determination that the arrangement is in the child's best interest." *Koron*, 207 Mich App at 192-193. "Implicit in the trial court's acceptance of the parties' custody and visitation arrangement is the court's determination that the arrangement struck by the parties is in the child's best interest." *Id*. at 191. Although the trial court is not necessarily constrained to accept the parties' stipulations or agreements verbatim, the trial court is entirely permitted to accept them and presume at face value that the parties actually meant what they signed. See *Koron,* 207 Mich App at 191. There is no coherent reason presented why the trial court could not do so in this case.

Defendant argues that the trial court was required to make an independent factual determination of the statutory best interest factors even in the face of a mediated agreement between the parents, citing *Rivette v Rose-Molina*, 278 Mich App 327, 332-333; 750 NW2d 603 (2008), and *Harvey v Harvey*, 470 Mich 186, 187-188; 680 NW2d 835 (2004). Neither case is applicable, because in both, the issue was the extent to which a trial court may "rubber stamp" a decision made by a referee to resolve a dispute between parents who could not agree. In other words, those cases involved the exact opposite of an agreement reached by the parties. In fact, our Supreme Court explicitly held that its "holding should not be interpreted, where the parties have agreed to a custody arrangement, to require the court to conduct a hearing or otherwise engage in intensive fact-finding." *Harvey*, 470 Mich at 192. Defendant is correct in stating that the court remains obligated to come to an independent conclusion that the parties' agreement is in the child's best interests, but, again, the court is absolutely permitted to accept that agreement where the dispute was resolved by the parents instead of a stranger. See *Koron*, 207 Mich App at 191-192.

We note that it is inherently an abuse of discretion if a trial court fails to exercise discretion on the incorrect belief that no discretion exists to exercise. *People v Merritt*, 396 Mich 67, 80; 238 NW2d 31 (1976). However, the trial court did not indicate a belief that it was bound by the parties' agreement. Rather, the trial court correctly expressed the belief that it was empowered to accept it.

Finally, defendant argues that the trial court was required to make a finding regarding the minors' established custodial environment, so as to determine if the entry of judgment would change that environment. "The established custodial environment is the environment in which 'over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort.'" *Pierron v Pierron*, 486 Mich 81, 85-86; 782 NW2d 480 (2010), quoting MCL 722.21(1)(c). Defendant's argument is nonsensical in the context of an agreement between the parties. As defendant himself points out, the purpose of making a determination of an established custodial environment is to determine whether the trial court may award custody "simply by determining the child's best interests" or whether the trial court must more stringently find that clear and convincing evidence that changing any established custodial environment is in the child's best interest. *Baker v Baker*, 411 Mich 567, 577-579; 309 NW2d 532 (1981). Critically, the context is one in which *the trial court* is making a custody determination *for the parties*. The requirement of making an express determination of whether there is an established custodial environment is as inapposite to effectuating an agreement reached by the parties as is the requirement of conducting intensive fact finding.

The agreement between the two parties was signed by both parties and therefore valid. The trial court concluded that the agreement appeared to be in the best interests of the child and included it in the court's order. In context, the trial court was not required to make a finding of an established custodial environment, although of note, defendant actually received increased parenting time from the prior arrangement as well as reduced support payments. The evidence shows that there was no clear legal error or abuse of discretion falling outside of the range of principled outcomes. Defendant was aware of the provisions in the agreement that settled the disputes over parenting time and custody, shown by his signature. The trial court properly entered the order effectuating the parties' agreement, and properly declined to grant defendant's motion for reconsideration, rehearing, and relief from judgment.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Joel P. Hoekstra