*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY STRICKER,

      Plaintiff-Appellee,

v

JONATHAN STRICKER,

      Defendant-Appellant.

UNPUBLISHED
January 16, 2020

No. 349626
Washtenaw Circuit Court
LC No. 18-001566-DM

Before: CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

PER CURIAM.

Defendant Jonathan Stricker appeals a default judgment of divorce. We affirm in part and remand for further proceedings.

## I. BACKGROUND

In July 2018, plaintiff Kimberly Stricker filed for divorce, and in August 2018 defendant filed an answer and a counterclaim for divorce. Both parties then obtained counsel. On November 8, 2018, defendant's counsel filed a motion to withdraw, and the hearing was noticed for December 6. Neither defendant nor his counsel appeared for the November 27, 2018 pretrial hearing where it was determined that the settlement conference would be held on April 11, 2019. Defendant maintains that the scheduling order was sent to his counsel and that he never received it. On December 7, 2018, the trial court entered an order granting defendant's counsel's motion to withdraw, and defendant proceeded pro se.

In January 2019, the Friend of the Court (FOC) evaluator met with the parties and their minor child. On February 25, 2019, the FOC filed its final recommendation that plaintiff be awarded sole legal and physical custody and that defendant receive weekly parenting time. Because no objections were filed to the FOC's final recommendation within 21 days, on March 19, 2019, the trial court entered an order adopting the recommendation.

Defendant did not appear for the April 11, 2019 settlement conference. The trial court granted plaintiff's request for a default, and on April 15, 2019, the court clerk entered a default against defendant for failure to appear at the settlement conference.

On May 1, 2019, plaintiff filed a motion for entry of a default judgment of divorce. A proposed judgment of divorce was attached to the motion, and the hearing was noticed for May 23, 2019. At the hearing, the trial court stated that it had received correspondence from a medical facility indicating that defendant was hospitalized there. Plaintiff's counsel informed the court that defendant had requested an adjournment of the hearing in an e-mail; counsel believed that defendant was attempting to thwart entry of the default judgment. The trial court decided not to adjourn the hearing because defendant's request came at "the very last moment" and he failed to file an objection to plaintiff's motion. The court also noted that defendant had not identified any other issues relating to the divorce proceedings in the five and half months that he had been representing himself. After hearing testimony from plaintiff, the trial court granted a default judgment of divorce.

The default judgment was entered the next day. It provided custody and parenting time consistent with the prior order. No spousal or child support was awarded. The most significant item of the property division was the marital home, which was awarded to plaintiff.

Defendant then obtained counsel and filed a motion to set aside the default judgment of divorce. He maintained that he was unaware of the date and time for the settlement conference. He admitted receiving notice of the hearing on the motion for entry of a default judgment of divorce, but explained that he was unable to attend because he was hospitalized. Defendant averred that the default judgment of divorce was not in the minor child's best interests because it did not award joint legal custody and his parenting time (8 hours per week) was insufficient to promote a strong parental relationship. He also asserted that the division of the marital property was inequitable because there was approximately $80,000 in marital home equity awarded solely to plaintiff and he did not receive a corresponding "set off" elsewhere in the property division.

In response, plaintiff asserted that defendant should have received notice of the settlement conference date through his initial counsel and that the trial court was aware of his hospitalization at the time it granted the default judgment. Plaintiff denied that the default judgment of divorce was not in the child's best interests and noted that the default judgment merely incorporated the terms of the FOC recommendation, which had been previously adopted by the trial court when defendant did not file an objection. Plaintiff conceded that the amount of equity in the home may be in dispute, but maintained that the distribution of the marital property was equitable. She asserted that she paid a large portion of credit card debt incurred during the marriage and would be responsible to pay the remaining amount of a home equity loan. Further, plaintiff argued that defendant's motion was not in compliance with MCR 2.603 because he had not alleged good cause or filed an affidavit showing a meritorious defense.

The trial court dispensed with oral argument and denied defendant's motion on the basis of the written submissions. It concluded without elaboration that defendant's motion did not comply with MCR 2.603. This appeal followed.

II. ANALYSIS

Defendant first argues that the trial court erred in not considering a lesser remedy before granting a default or a default judgment. He also contends that before granting that relief the trial court should have considered factors that are most commonly used by courts to determine an

appropriate discovery sanction. We conclude that defendant does not establish plain error or that he was prejudiced by the alleged errors.[1]

MCR 2.401(F) allows a trial court to direct the parties to appear for a settlement conference. Default for failure to appear at a scheduled conference is governed by MCR 2.401(G), which provides in part:

> (1) Failure of a party or the party's attorney or other representative to attend a scheduled conference or to have information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement, as directed by the court, may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B). [MCR 2.401(G)(1).]

MCR 2.401(G)(2) contemplates that a lesser remedy than a default or dismissal is appropriate *if* the trial court finds that manifest justice would result or the failure to appear was not due to culpable negligence:

> (2) The court shall excuse a failure to attend a conference or to participate as directed by the court, and shall enter a just order other than one of default or dismissal, if the court finds that
>
> (a) entry of an order of default or dismissal would cause manifest injustice; or
>
> (b) the failure was not due to the culpable negligence of the party or the party's attorney.

A "manifest injustice" occurs when "if a default were to be allowed to stand where a party has satisfied the 'meritorious defense' and 'good cause' requirements" of MCR 2.603(D)(1), which governs motions to set aside a default judgment. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 233; 600 NW2d 638 (1999).

As an initial matter, defendant argues that the trial court failed to address the considerations contained in MCR 2.401(G)(2). However, he does not argue that the default resulted in a manifest injustice or that the failure to appear was not due to negligence. He also

---

[1] A trial court's decision to grant a default and a default judgment is reviewed for an abuse of discretion. See *Huntington Nat Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). "A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes." *Id*. However, the arguments raised by defendant on appeal were not preserved in the trial court. Accordingly, our review is for plain error affecting substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

fails to establish that there was good cause for his failure to appear at the settlement conference. He maintains that his attorney did not provide him with the scheduling order, and there is nothing in the record that confirms or contradicts that claim. But defendant continued pro se after his attorney withdrew, and he made no efforts to determine whether there were scheduled proceedings. Persons acting *in propria persona* are generally held to same standards as attorneys. *Baird v Baird*, 368 Mich 536, 539; 118 NW2d 427 (1962); *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984). For those reasons, defendant does not establish plain error with respect to MCR 2.401(G)(2).

In support of his position that a trial court must consider lesser remedies before granting a default or a default judgment, defendant relies on caselaw governing discovery sanctions. It is well established in that context that before granting a default judgment, a court must consider on the record other available options. *Draggoo v Draggoo*, 223 Mich App 415, 423-424; 566 NW2d 642 (1997). Defendant argues that this requirement should also apply when the default judgment is based on a failure to appear for a settlement conference.

Significantly, the court rule governing discovery sanctions provides an array of options that a trial court may consider in determining an appropriate sanction. See MCR 2.313(B)(2). Given the number of options expressly contemplated by the rule, it is logical to require trial courts to explain why a lesser sanction is not warranted before granting a default judgment. In contrast, the only alternative remedy contemplated by MCR 2.401 is that the court may condition enforcement of the default on the defaulting party paying the opposing side's attorney fees and expenses. See MCR 2.401(G)(2). To be clear, a trial court has *discretion* to consider imposing a lesser remedy than a default. See *McLain v Lansing Fire Dep't*, 309 Mich App 335, 345 n 7; 869 NW2d 645 (2015) ("Whether to enter a default or resort to lesser remedies is left to the sound discretion of the court."). However, considering the significant difference between the relevant court rules and the lack of published caselaw requiring courts to consider a lesser remedy when the ground for default is failure to appear, we decline to hold that the trial court plainly erred by not addressing on the record other options before granting the default or the default judgment.

For similar reasons, defendant also fails to persuade us that the trial court plainly erred in not considering the factors used to determine an appropriate sanction, which are as follows:

> (1) whether the violation was wilful or accidental (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice, (5) whether there exists a history of plaintiff engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).]

In *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995), this Court employed those factors in determining that dismissal was not warranted for the plaintiff's failure to attend trial which immediately followed a scheduled settlement conference. Relying on

-4-

*Vicencio*, defendant argues that discovery-sanction factors apply to dismissals in general, and therefore they should also apply when a default judgment is sought. However, the part of *Vicencio* applying those factors was dicta because this Court primarily held that dismissal was inappropriate because the plaintiff did not receive adequate notice of the trial date.[2] *Id*. at 502. Further, *Vicencio* did not hold that the trial court erred in not addressing those factors; rather, it held that consideration of those factors showed that a dismissal was not warranted. *Id*. at 506-507. For those reasons, we conclude that a trial court has discretion to consider the discovery-sanction factors before granting a default for failure to appear at a scheduled conference, but in the absence of a court rule of published caselaw requiring it to do so, we decline to hold that the trial court committed plain error.

Even assuming that defendant identified plain error, he has not shown that consideration of a lesser remedy and the discovery-sanction factors would have led the trial court to a different result or that the trial court abused its discretion. Defendant's argument boils down to three assertions: (1) his failure to appear for the settlement conference was not willful; (2) this was his only violation of a court order; (3) plaintiff would not be prejudiced by an alternative remedy such as an award of attorney fees.

For the reasons previously discussed, defendant's failure to appear for the settlement conference seems more willful than accidental. Even assuming that his prior counsel did not share the scheduling order with him or the dates therein, defendant had five months to learn of the scheduled hearing and took no steps to do so. Granted, it weighs in defendant's favor that he did not repeatedly violate court orders. But the trial court also focused on his larger failure to identify issues for which a divorce trial was required:

> Mr. Stricker was represented by counsel until such time as Counsel was allowed to withdraw on December 6. Again, five months ago. It would appear to the Court that Mr. Stricker has had more than enough opportunity to notify the Court as well as opposing party and counsel as to objections and other issues that could be related or raised and have not been at this point. Given the lack of virtually any action taken by Mr. Stricker, the Court believes at this time it is entirely appropriate to allow for the entry of default judgment.

Moreover, defendant's lack of response to the motion for entry of a default judgment plainly factored into the trial court's decision to grant the motion. While defendant may have been hospitalized, he waited until the "very last moment" to inform the court of that fact, and did not do so in a court filing but rather through a correspondence from a medical facility. Accordingly, he did not timely act to cure his failure to attend the settlement conference.

---

[2] Dictum is a "[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive)." *Mount Pleasant Pub Schs v Mich AFSCME Council 25*, 302 Mich App 600, 610 n 2; 840 NW2d 750 (2013) (quotation marks and citation omitted).

In sum, considering the trial court's stated reasons for granting a default judgment, defendant has not shown that consideration of a lesser remedy or the discovery-sanction factors would have led to a different result. Further, we have considered defendant's arguments regarding the discovery-sanction factors and conclude that the trial court did not abuse its discretion in granting a default judgment of divorce. Defendant failed to appear for the scheduled settlement conference and failed to identify any issues for which a contested divorce trial was necessary. Given his lack of response to the motion for a default judgment of divorce, and his failure to make a timely request for adjournment through a written filing, there was little reason to believe that continuation of the case was necessary.

Defendant next argues that the trial court erred in denying his motion to set aside the default judgment of divorce. Defendant does not establish that the trial court abused its discretion in denying the motion.[3] However, his argument regarding the marital estate shows that the trial court plainly erred by not independently evaluating the division of marital property. We remand for that purpose.

As preliminary matter, the parties focus on MCR 2.603, which is the general rule governing defaults and states in pertinent part:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed. [MCR 2.603(D)(1).]

The parties dispute whether defendant complied with MCR 2.603(D)(1) when he did not submit a separate affidavit in support of his motion but rather signed the motion itself. However, because this is a domestic relations action, the motion to set aside a default judgment is governed by MCR 3.210(B), which does not require a verified statement of facts:

> (a) A motion to set aside a default judgment except when grounded on lack of jurisdiction over the defendant, lack of subject matter jurisdiction, failure to serve the notice of default as required by subrule (B)(2)(b), or failure to serve the proposed default judgment and notice of hearing for the entry of default judgment under subrule (B)(4), shall be granted only if the motion is filed within 21 days after the default judgment was entered and if good cause is shown. [MCR 3.210(6)(a).]

Accordingly, we need not resolve the parties' dispute regarding MCR 2.603(D)(1).

We conclude, however, that defendant has not shown good cause for setting aside the default judgment. "Good cause sufficient to warrant setting aside a default or a default judgment may be shown by (1) a substantial procedural defect or irregularity or (2) a reasonable excuse for

---

[3] A trial court's ruling on a motion to set aside a default judgment is reviewed for an abuse of discretion. See *Alken-Ziegler, Inc*, 461 Mich at 227.

the failure to comply with the requirements that created the default." *Koy v Koy*, 274 Mich App 653, 658; 735 NW2d 665 (2007).

For the reasons discussed, defendant has not shown a reasonable excuse for not attending the settlement conference. Defendant also fails to allege a substantial procedural defect. Rather, he takes issues with the *substance* of the default the judgment of divorce. Specifically, he argues that the custody and parenting-time provisions were not in child's best interests. However, defendant did not object to the FOC recommendation and so it became the order of the court. And while a trial court must determine whether a custody determination is the child's best interests, *Harvey v Harvey*, 470 Mich 186, 187; 680 NW2d 835 (2004), it can satisfy that requirement by adopting a recommendation that considered the child's best interests, see *Rivette v Rose-Molina*, 278 Mich App 327, 333; 750 NW2d 603 (2008). Here, the FOC evaluator examined the best interest factors and submitted a recommendation to the court. MCR 3.210(C)(1) provides that "[i]f a report has been submitted by the friend of the court, the court must give the parties an opportunity to review the report and to file objections before a [custody] decision is entered." The parties were given a chance to object to the FOC recommendation, after which it was adopted by the trial court as its custody decision. Therefore, while the judgment of divorce was the final order, the custody and parenting time issues had already been resolved at the time that the default judgment of divorce was sought.

Defendant also argues that the distribution of the marital estate did not comply with MCL 552.19.[4] This argument also does not identify a procedural defect but rather is a challenge to the substance of the default judgment of divorce. That said, we conclude that remand is required so that the trial court may make factual findings regarding the division of marital property.

"Unlike virtually all other civil litigation between competent individuals, a divorce, even when settled, requires a hearing in the circuit court and the taking of proofs before a judgment can be entered." *Wyskowski v Wyskowski*, 211 Mich App 699, 702; 536 NW2d 603 (1995). MCR 3.210(B)(5) provides in pertinent part:

> (5) *Entry of Default Judgment*.
>
> (a) A judgment of divorce, separate maintenance, or annulment may not be entered as a matter of course on the default of a party because of failure to appear at the hearing or by consent, and the case must be heard in open court on proofs taken, except as otherwise provided by statute or court rule.

\* \* \*

---

[4] MCL 552.19 directs the court to make a "just and reasonable" division of the marital estate. MCL 552.19. "The overarching goal of a trial court's property distribution in a divorce action is equity." *Elahham v Al-Jabban*, 319 Mich App 112, 121; 899 NW2d 768 (2017). "Although marital property need not be divided equally, it must be divided equitably in light of a court's evaluation of the parties' contributions, faults and needs." *Richards v Richards*, 310 Mich App 683, 710; 874 NW2d 704 (2015).

(c) The moving party may be required to present evidence sufficient to satisfy the court that the terms of the proposed judgment are in accordance with law. The court may consider relevant and material affidavits, testimony, documents, exhibits, or other evidence. [MCR 3.210(B)(5).]

In *Koy*, 274 Mich App 653, we held that even when a default judgment is appropriately entered, the trial court must still make an equitable distribution of the marital estate and make factual findings thereof. *Koy* acknowledged that the defaulting defendant was properly excluded from participating in adjudication of the marital estate. *Id*. at 659, citing *Draggoo*, 223 Mich App at 428. However, we concluded that "the trial court was still required to equitably divide the marital property and to make findings of fact to support that decision." *Koy*, 274 Mich App at 660. The trial court "appeared to rely solely on the representations of plaintiff's counsel in dividing the property," and the record was "not adequately developed regarding counsel's representations or the evidence she relied on regarding the marital assets." *Id*. at 660. We remanded so that the trial court make factual findings supporting the property division or consider "redistribution of assets." *Id*.

The same reasoning applies here. Even if the default judgment was properly entered, the trial court was required to make an equitable distribution. Instead, the trial court merely accepted plaintiff's proposed terms.[5] To be clear, the trial court needed to make the required findings in conjunction with the entry of the default judgment. And the need for those findings was highlighted by defendant's motion to set aside the default judgment, which took issue with the marital home being awarded solely to plaintiff. In response, plaintiff conceded that there was a question of fact regarding the amount of home equity, but asserted (without proof) that she had paid a large portion of marital debt and that there was a remaining home equity loan of $25,000 that she would be responsible to pay. These arguments should have highlighted for the trial court that it needed to make independent findings regarding the property division, yet the trial court denied defendant's motion without elaboration. Remand is necessary so that the trial court can make findings regarding the distribution of marital property as contemplated by the default judgment of divorce, or consider redistributing the property.

The trial court has discretion to preclude defendant's participation in the proceedings. See *Draggoo*, 223 Mich App at 429; *Koy*, 274 Mich App at 659. MCR 3.210(B)(2)(d) provides, however, that "[t]he court may permit a party in default to . . . participate in court proceedings, referee hearings, mediations, arbitrations, and other alternative dispute resolution proceedings. The court may impose conditions or limitations on the defaulted party's participation." Accordingly, on remand the trial court should determine defendant's participation, if any, in the court's decision on the property division.

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[5] The only "evidence" offered at the hearing was plaintiff's conclusory testimony that the division of marital property was fair and equitable.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Brock A. Swartzle