RIVETTE v ROSE-MOLINA

Docket No. 280922. Submitted March 12, 2008, at Detroit. Decided
March 27, 2008, at 9:05 a.m.

Nicole D. Rivette obtained in the Genesee Circuit Court, Family
Division, a judgment for child support against Andrew T. Rose-
Molina for the parties' child. The defendant subsequently sought
parenting time and joint legal custody, and the matter proceeded to
a hearing before a referee. The referee recommended that the
court, Michael J. Theile, J., deny the defendant's custody request.
The court approved the recommendation, entered a final order
absent any objection from the defendant, and denied the defen-
dant's motion to set aside the referee's recommendation. The
defendant appealed.

The Court of Appeals *held*:

The referee erred by not making findings of fact or considering
the best-interest factors, MCL 722.23, in determining custody, and
the trial court erred by entering a final custody order without
considering the statutory best-interest factors.

1. A referee's custody recommendation should involve consid-
eration of the best-interest factors. Although a referee need not
engage in the same type of in-depth, lengthy analysis as a judge in
a custody hearing would, some meaningful consideration of the
best-interest factors is necessary to ensure that the referee con-
siders all the relevant criteria and makes an informed decision.

2. The referee also violated MCR 3.215(E)(1)(a) by not making
findings of fact and not stating the applicable law.

3. Once a child custody dispute reaches a circuit court, the
Child Custody Act, MCL 722.21 *et seq.*, requires the court to
consider the best-interest factors before entering any order affect-
ing child custody. The trial court in this case erred by entering a
final custody order without considering the best-interest factors.

4. On remand, the trial court must conduct a custody hearing
and consider the best-interest factors as if no prior custody
determination was made.

Reversed and remanded.

1. PARENT AND CHILD — CHILD CUSTODY — DOMESTIC RELATIONS REFEREES — BEST-INTEREST FACTORS.

    A domestic relations referee's recommendation on child custody must involve consideration of the statutory best-interest factors (MCL 722.23).

2. PARENT AND CHILD — CHILD CUSTODY — CIRCUIT COURTS — BEST-INTEREST FACTORS.

    A circuit court, before entering any order affecting child custody, must consider the statutory best-interest factors (MCL 722.23).

*Thomas R. McCombs* for the defendant.

Before: SERVITTO, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. Defendant appeals as of right from the trial court's order denying his amended petition for change of custody and other relief. Because both the referee and the trial court erred by making a custody determination without consideration of the statutory best-interest factors, we reverse.

On appeal, defendant argues that the referee erred by not making findings of fact or considering the best-interest factors in determining custody of the parties' minor child and that the trial court erred by upholding the referee's custody recommendation and ruling that the issue of custody could not be revisited. We agree.

Because defendant did not object to the referee's custody recommendation within 21 days as required by MCL 552.507(4) and MCR 3.215(E)(4), the issue is unpreserved. Review of an unpreserved error is limited to determining whether a plain error occurred that affected substantial rights. *Kern v Blethen-Coluni,* 240 Mich App 333, 336; 612 NW2d 838 (2000). " "To avoid forfeiture under the plain-error rule, three requirements must be met: (1) an error must have occurred; (2) the error was plain, i.e., clear or obvious, and (3) the

plain error affected substantial rights.' " *Id.*, quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The court may designate a referee to act as a fact-finder in domestic relations matters. MCL 552.507. Within 21 days after a referee hearing, the referee must: (1) either make a statement of findings on the record or submit a written, signed report containing a summary of testimony and a statement of findings and (2) make a recommendation for an order and submit it to the court and the parties. MCR 3.215(E)(1). "The referee must find facts specially and state separately the law the referee applied." MCR 3.215(E)(1)(a). Although an overelaboration of detail or particularization of facts is not necessary, brief, definite, and pertinent findings and conclusions on the contested matters are required. *Id.* A party may obtain a judicial hearing on any matter that has been the subject of a referee hearing and that resulted in a statement of findings and a recommended order by filing a written objection within 21 days after the referee's recommendation for an order is served on the party. MCR 3.215(E)(4). If the recommendation is approved by the court and no written objection is filed with the court within 21 days after service, the recommended order will become a final order. MCR 3.215(E)(1)(c).

Although caselaw expressly provides that circuit courts must analyze the best-interest factors in determining custody, the law regarding custody hearings conducted by referees does not expressly provide whether the best-interest factors must be addressed by referees in rendering custody decisions. In deciding a child custody matter, the trial court must evaluate each of the statutory factors pertaining to the best interest of

the child[1] and must explicitly state its findings and conclusions regarding each factor. *Bowers v Bowers,* 190 Mich App 51, 54-55; 475 NW2d 394 (1991). When a trial court does not make such findings on the best-interest factors, the proper remedy is reversal and a remand for a new child-custody hearing. *Bowers, supra* at 56; *Constantini v Constantini,* 171 Mich App 466, 470; 430 NW2d 748 (1988).

There is nothing in the custody law to suggest that a referee hearing, limited as it might be in comparison to a full de novo hearing before a judge, absolves the referee of the responsibility to examine the best-interest factors. It would stand to reason that, if an analysis of the best interest-factors is required in the circuit court to assure that the custody determination is based on an informed decision about the child's best interest, a referee's custody recommendation—which the circuit court may uphold without making any independent findings concerning the child's best interests—likewise should include consideration of the best-interest factors. Although a referee perhaps need not engage in the same type of in-depth, lengthy analysis as a judge in a custody hearing would, some meaningful consideration of the best-interest factors is nevertheless necessary to ensure that the referee considers all the relevant criteria and makes an informed decision.

In the instant case, the best-interest factors were not mentioned, let alone analyzed, when the referee made a custody determination. The parties and the referee started out the hearing under the impression that the hearing would only determine parenting time. Although defendant would ultimately seek custody, he

[1] Custody disputes are to be resolved in the child's best interest, as measured by the factors set forth in MCL 722.23.

expressed that he would not do so on the day of the referee hearing. In fact, several times throughout the hearing, defendant made clear that he was *not* seeking custody at that hearing, stating specifically that the hearing would be too limited in nature to allow a determination of custody. The hearing lasted 35 minutes, only plaintiff and defendant testified, and the parties were limited to 10 minutes of direct testimony and five minutes of cross-examination. The referee's custody conclusion consisted of two sentences of transcript and was expressed as an afterthought, prompted only by defense counsel's concluding question: "I'm assuming you're not making a ruling on the joint-legal request?" to which the referee responded, "[I]f I have to make a decision regarding custody for the custody issue, I would deny joint cust—legal custody at this time. Okay, it has not been established that he has been involved in the child's life enough to have joint custody at this point." Such was the entirety of the referee's analysis of the custody issue. Not only did the referee fail to consider the best-interest factors, she also violated MCR 3.215(E)(1)(a) by not making findings of fact and not stating the applicable law.

Had defendant known that the hearing would determine custody, and had he been afforded a meaningful amount of time to present evidence, the custody determination may have turned out differently. Defendant has levied serious allegations of plaintiff's mental illness and erratic, violent behavior, which allegations were not at all presented at the referee hearing. Custody is a weighty issue and merits careful consideration. At a minimum, and in the interest of fairness, defendant should be afforded a meaningful opportunity to present evidence bearing on his suitability, and plaintiff's alleged lack of suitability, to parent.

In our review of a substantial number of cases involving a referee's custody determination, the vast majority involved referee hearings that were considerably more in-depth and substantial (whether that be measured by length of hearing, quantity of testimony or evidence presented, or the extent to which the best-interest factors were analyzed) than the brief, limited hearing in the instant case. *Constantini, supra* at 469-470 (referencing a referee hearing in which the best-interest factors were analyzed and which resulted in a lengthy report and recommendation). Additionally, the majority of these cases expressly referenced the referee's analysis of the best-interest factors. See *Fletcher v Fletcher,* 447 Mich 871, 874-875; 526 NW2d 889 (1994) (indicating that the referee came to a decision regarding custody by reviewing the best-interest factors); *Heltzel v Heltzel,* 248 Mich App 1, 12; 638 NW2d 123 (2001) (referencing the referee's analysis of the best-interest factors).

Significantly, even assuming that the referee was under no duty to consider the best-interest factors, the trial court committed its own error by entering a final custody order without satisfying itself that the best-interest factors were considered. The trial court denied defendant's motion to set aside the referee's custody determination, insisting that the referee hearing already determined custody and that to allow defendant another opportunity to litigate the matter would be akin to granting him a proverbial second bite of the apple. However, our Supreme Court, in *Harvey v Harvey,* 470 Mich 186, 187-188; 680 NW2d 835 (2004), held that regardless of the type of alternative dispute resolution that parties use, the Child Custody Act[2] requires the circuit court to determine independently what cus-

---

[2] The Child Custody Act is codified at MCL 722.21 *et seq.*

todial placement is in the best interests of the children, emphasizing that the statutory best-interest factors control whenever a court enters an order affecting child custody. *Harvey, supra* at 193 (holding that "[n]othing in the Child Custody Act gives parents or any other party the power to exclude the legislatively mandated 'best interests' factors from the court's deliberations once a custody dispute reaches the court"). Because the trial court entered an order affecting custody without either satisfying itself that the referee considered the best interest of the child, or making its own findings regarding the best interest of the child, the court erred, and the error prejudiced defendant.

In sum, the referee erred in making a custody determination without considering the best-interest factors. Likewise, the trial court erred in accepting the referee's custody recommendation without satisfying itself that the best-interest factors were considered. The trial court's order denying defendant's petition for change of custody and other relief is reversed, and the case is remanded for a custody hearing in the circuit court, where the best-interest factors shall be evaluated. The trial court is instructed to consider the best-interest factors and to determine custody as if no prior determination on custody has been made.

Reversed and remanded. We do not retain jurisdiction.