*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KALI MALOFY-MEDWED,

Plaintiff-Appellant,

v

TIMOTHY PERRY,

Defendant-Appellee.

UNPUBLISHED
April 21, 2022

No. 358702
Washtenaw Circuit Court
LC No. 18-001647-DS

Before: BOONSTRA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff in this custody action appeals by right the trial court's orders directing the parties to enroll their minor child in the Traverse City Area Public Schools, awarding joint legal custody to the parties, and establishing the child's primary residence with defendant (with plaintiff having two hours of parenting time per month). We reverse and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The parties in this case are the parents of a minor child, TP, who was 14 years old at the time of the custody orders at issue. The parties were never married, and custody, support, and parenting time has been established by court order since 2009. On September 8, 2020, defendant failed to appear for a show cause hearing regarding unpaid child support. At the hearing, the trial court awarded plaintiff sole legal and physical custody of TP, and also suspended defendant's parenting time. A temporary custody order was entered reflecting the trial court's rulings. Defendant was also held in contempt for failing to appear and a warrant was issued for his arrest. Two months later, defendant was arrested on that warrant.

In February 2021, following an investigation, the Friend of the Court (FOC) made recommendations concerning custody and parenting time. The FOC found that there was an established custodial environment with defendant only. The FOC further found that defendant had conducted an "ongoing campaign against" plaintiff and that TP had developed an "extreme" amount of animosity toward plaintiff, as demonstrated by a recent incident in which TP had run away during plaintiff's parenting time. The FOC concluded that it was in TP's best interests to

-1-

rebuild his relationship with plaintiff. Because the FOC determined that defendant was unwilling or unable to cooperate with the rebuilding of this relationship, it recommended that plaintiff be awarded primary physical custody and sole legal custody. The FOC also recommended that TP stop attending school in Traverse City, which he had been doing remotely, and change to a new school district.

On March 17, 2021, the trial court adopted the FOC's recommendation and awarded plaintiff sole legal custody and primary physical custody of TP. Defendant was awarded parenting time once per month during the school year and for the majority of the summer.

In August 2021, plaintiff filed a motion to show cause, asserting that defendant had refused to transport TP to plaintiff for parenting time as required by the March 17 order. The motion requested that defendant show cause why he should not be held in contempt of court for his repeated violations of the custody order and his attempts to alienate TP from plaintiff and plaintiff's family.

The trial court held a hearing on plaintiff's motion on August 26, 2021. Defendant testified that TP refused to be with plaintiff, and that defendant had no choice but to allow TP to live with him. Defendant requested that he be given full custody of TP. Following the hearing, the trial court entered an order to show cause and scheduled a hearing for September 1 for defendant to show cause why he should not be held in contempt of court.[1]

At the September 1 hearing, defendant again requested that the trial court award him full custody of TP because TP refused to live with plaintiff. The trial court stated that it would interview TP at a hearing on September 10, and that it would "make a decision after [it] talk[ed] to him, and maybe it'll be [the trial court will] change something, maybe it'll be we'll have another hearing. I don't know."

The trial court conducted an *in camera* interview with TP on September 10, 2021. Immediately following the interview, the trial court held on the record that TP's primary residence would be with defendant in Traverse City and that TP must be enrolled in school in Traverse City. The trial court also ordered that plaintiff have parenting time once a month, for two hours, in Traverse City, to take place on the second Saturday of each month. The trial court also vacated its prior custody order granting plaintiff sole legal custody and reestablished joint legal custody. The trial court said that its decision was "based on everything [the trial court] reviewed in . . . the file . . . ." The only child custody factor the trial court referenced was TP's preferences.

On September 10 and 15, 2021, the trial court entered written orders reflecting its oral decision. This appeal followed.

---

[1] The record does not contain any subsequent orders regarding defendant's contempt status or plaintiff's motion to show cause.

## II. MOTION TO CHANGE CUSTODY

Plaintiff argues that the trial court failed to make sufficient factual and legal findings to justify a change of custody.[2] We agree. "All orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; see also *Fletcher v Fletcher*, 447 Mich 871, 876-877; 526 NW2d 889 (1994). "When a court incorrectly chooses, interprets, or applies the law, it commits legal error that the appellate court is bound to correct." *Id*. at 881. Additionally, "upon a finding of error, appellate courts should remand to the trial court unless the error was harmless." *Id*. at 882. We review a trial court's findings of fact under the "great weight of the evidence" standard, and the trial court's factual findings should be affirmed unless the evidence clearly preponderates in the opposite direction. *Id*. at 879. We review for an abuse of discretion a trial court's discretionary ruling, such as an award of custody. *Foskett v Foskett*, 247 Mich App 1, 5; 634 NW2d 363 (2001).

In order to modify an existing custody order, the trial court must first determine if there is proper cause or a change of circumstances. *Vodvarka v Grasmeyer*, 259 Mich App 499, 508; 675 NW2d 847 (2003). The party seeking a change of custody bears the burden of establishing proper cause or change of circumstances. The trial court must then determine if the change would alter the established custodial environment of the minor child. *Id*. at 509. A child has an established custodial environment "if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). "Where a trial court fails to make a finding regarding the existence of a custodial environment, this Court will remand for a finding unless there is sufficient information in the record for this Court to make its own findings by de novo review." *Thames v Thames*, 191 Mich App 299, 304; 477 NW2d 496 (1991).

When ruling on a motion to change custody, the trial court must also make findings of fact with respect to each of the relevant best-interest factors. *MacIntyre v MacIntyre*, 267 Mich App 449, 451-452; 705 NW2d 144 (2005); MCR 722.23 (identifying twelve factors to be considered in determining the best interests of a minor child). "[I]f the trial court determines that a particular factor is irrelevant to the immediate issue, it need not make substantive factual findings concerning the factor beyond this determination, but need merely state that conclusion on the record." *Pierron v Pierron*, 486 Mich 81, 91; 782 NW2d 480 (2010). When a trial court has failed to make sufficient findings, this Court should remand the matter to the trial court "to make a determination whether the current record is sufficient to make the proper evidentiary findings." *Rittershaus v Rittershaus*,

---

[2] Plaintiff also argues that the trial court erred by changing custody when defendant had not filed a written motion requesting such a change. We disagree. The record shows that defendant orally requested a change in custody at the August 26, 2021 hearing. The trial court confirmed at the September 1 hearing that defendant sought a change in the existing custody order. Under the Michigan Court Rules, a motion made during a hearing does not need to be written. MCR 2.119(A)(1)(a). We decline to find plain error requiring reversal on this basis. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008).

-3-

273 Mich App 462, 476; 730 NW2d 262 (2007). If the trial court determines that the current record is insufficient to make such findings, the trial court shall conduct a new hearing. *Id.*

In this case, the trial court did not make explicit findings or a ruling regarding proper cause or change in circumstances before proceeding with the change of custody. *Vodvarka*, 259 Mich App at 508. On this basis alone, remand is required to allow the trial court to make findings regarding proper cause or a change of circumstances on the current record, if possible. See *Rittershaus*, 273 Mich App at 476. If the trial court is unable to make the required findings, the trial court should conduct a new hearing. See *id.* Further, the trial court did not make findings regarding the established custodial environment, although the record does appear clear that the established custodial environment was with defendant. See *Thames*, 191 Mich App at 304. Nonetheless, on remand, the trial court should make its findings explicit regarding the established custodial environment.

Finally, the trial court did not identify the child-custody best-interest factors and did not either make findings of fact for each factor or determine that certain factors were not relevant. Such findings are required when deciding a motion to change custody. See *Pierron*, 486 Mich at 91; *MacIntyre*, 267 Mich App at 451-452.

When a trial court fails to make the necessary "reviewable findings of fact" in a child custody proceeding, the "proper remedy is to remand for a new child custody hearing." *Foskett*, 247 Mich App at 12 (reversing and remanding for a new child custody hearing when the basis for the trial court's factual findings was not placed on the record). On remand, the trial court should consider up-to-date information. *Fletcher*, 447 Mich at 889. We note also that if the trial court's decision relies significantly on information obtained through an *in camera* interview, in order to "maintain a certain level of judicial integrity, and to provide for meaningful appellate review, there must be a modicum of extraneous testimony on the record that would, at the very least, support a reasonable inference attesting to the trustworthiness and indeed the veracity of the information obtained through the *in camera* interview." *Id.* at 10-11.

We reverse and remand this matter to allow the trial court to make the required findings in a manner that is amendable to appellate review. See *Rittershaus*, 273 Mich App at 476.

## III. CONTEMPT

Plaintiff also argues that the trial court erred when it did not make factual findings regarding whether defendant should be held in contempt of court, and when it addressed the custody issue at a show cause hearing. We disagree. This issue is not preserved for appeal, see *Richard v Schneiderman & Sherman PC (On Remand)*, 297 Mich App 271, 273; 824 NW2d 573 (2012), and is, therefore, reviewed for plain error affecting plaintiff's substantial rights, *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008).

At the show-cause hearing held on September 1, 2021, defendant asserted that the reason for his noncompliance with the trial court's parenting-time order was that TP had refused to live with plaintiff. Because of that, defendant requested that the trial court award defendant "full custody." Our review of the lower court record and the transcripts of the hearings held in August

and September shows that the trial court did not make a ruling regarding defendant's contempt status following its order that defendant show cause.

Plaintiff asks this Court to remand this matter and require the trial court to make findings of fact related to the show cause hearing and defendant's contempt status. Plaintiff argues that as a matter of public policy, trial courts should be obligated to at least make findings of fact regarding an allegation of contempt of court. Plaintiff has not identified any authority that establishes this requirement. "This Court will not search for authority to sustain or reject a party's position. The failure to cite sufficient authority results in the abandonment of an issue on appeal." *Hughes v Almena Twp*, 284 Mich App 50, 71-72; 771 NW2d 453 (2009) (citation omitted).

Further, the record shows that defendant did appear at the show-cause hearing and provide his explanation regarding why he should not be held in contempt. The trial court never orally held defendant in contempt or issued an order holding him in contempt. By implication, plaintiff's motion was denied. To the extent that the trial court did not state this denial explicitly or issue an order to that effect, plaintiff has not demonstrated that this was plain error that affected her substantial rights. See *Rivette*, 278 Mich App at 328.

Plaintiff also argues that the trial court should not have vacated its prior custody order, and that the trial court's orders of September 10 and 15 are invalid, because the initial reason for the parties' appearance in court was plaintiff's motion to show cause. This argument appears to be based on this Court's recent opinion in *In re JCB*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 349975). We find that case to be inapposite. Plaintiff cites a quote from *JCB*, ___ Mich App at ___; slip op at 4 (internal quotation omitted), that states the "longstanding rule" that "a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed." *JCB* dealt with a personal protection order for which the time for appeal had expired, therefore stripping the trial court of jurisdiction to address the validity of the protective order. *Id.*; slip op at 5-6. *JCB* simply stands for the proposition that a contempt proceeding does not provide an opportunity to challenge a court order that the party would otherwise not be able to challenge.

In this case, defendant had the right to request a change of custody, regardless of whether plaintiff had initiated a contempt proceeding. Either party to a custody order may seek to revisit a custody order by establishing proper cause and change of circumstances. *Vodvarka*, 259 Mich App at 508. Defendant clearly requested a change in custody at the August 26, 2021 and September 1, 2021 hearings, and the parties were aware that the issues to be determined at the September 10 hearing would include custody. *JCB* does not prohibit the trial court from entertaining a motion for change of custody while a motion to show cause is pending.

We find no plain error in the trial court's failure to explicitly address defendant's contempt status or in its consideration of defendant's request for a change in custody despite a pending contempt proceeding. However, as stated, we find that the trial court failed to make the requisite findings before making a change in custody, and remand is therefore required. Because we remand on this basis, we decline to address plaintiff's arguments regarding notice.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Michael J. Kelly
/s/ Brock A. Swartzle