*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF TERRY BROEMER.

VIRGINIA MAY HORN,

        Appellant,

v

TERESE NEHRA, Personal Representative of the
ESTATE OF TERRY BROEMER, LAURA SLY,
and HEIRS,

        Appellees,

and

JUNE VANPOPPELEN,

        Other Party.[1]

UNPUBLISHED
February 9, 2023

No. 360571
Oakland Probate Court
LC No. 2019-392646-DE

Before: CAVANAGH, P.J., and O'BRIEN and RICK, JJ.

PER CURIAM.

Appellant, Virginia May Horn, appeals as of right the probate court's February 16, 2022 order denying her objection to the distribution and administration of the estate of the decedent, Terry Broemer. We affirm.

## I. BACKGROUND

Broemer was unmarried without children when he died on September 21, 2019. On December 18, 2019, appellee Terese Nehra, Broemer's stepdaughter and a creditor of Broemer's

---

[1] VanPoppelen is appellant's daughter.

estate, applied for informal probate and/or appointment of personal representative. In the application, Nehra stated that "[t]he decedent died intestate, and after exercising reasonable diligence, I am unaware of any unrevoked testamentary instrument relating to property located in this state[.]" The only known heir listed was Broemer's cousin, James Daniels, who renounced his right to serve as personal representative and nominated Nehra to serve. On December 18, 2019, letters of authority were issued naming Nehra as the personal representative of Broemer's estate.[2] In early September 2020, Nehra filed an inventory of Broemer's estate and provided a copy of the inventory to appellant and other interested parties.

On September 14, 2020, Sly filed a petition for formal probate and/or appointment of personal representative, as a non-heir devisee. Sly attached to the petition a copy of Broemer's undated and unsigned estate planning documents, including a will and trust agreement, which were discovered after Nehra's original application for informal probate was filed. Concurrently, Sly filed a petition to admit the will under MCL 700.2503.[3] A hearing on the petition to admit the will was scheduled for October 28, 2020, via Zoom. Notice of the October 28, 2020 hearing was published in the Oakland County Legal News on October 6, 2020. A notice of hearing and a copy of the petition for probate, the petition to admit the will, and a notice of the right to intervene were mailed to appellant[4] on October 22, 2020.[5]

Appellant did not attend the October 28, 2020 hearing. No oral or written objections to admission of the will were received. The probate court granted Sly's petition to admit Broemer's will under MCL 700.2503. The probate court's October 28, 2020 order provided that Broemer's estate "shall be prorated pursuant to the terms of the Trust Agreement, with Laura Sly, Megan Sly and Terese Nehra each receiving one-third of the estate's assets." A copy of the October 28, 2020 order was served on all interested parties, including appellant, on October 29, 2020.

On November 19, 2020, attorney Eugene Casazza objected to entry of the October 28, 2020 order granting the petition to admit the will on behalf of numerous "heirs and interested parties" (the "purported heirs") and requesting an evidentiary hearing.[6] Appellant was not represented by

---

[2] Attorney Kenneth Bilodeau represented the estate. On May 1, 2020, attorney Jamie Ryan Ryke entered an appearance on behalf of appellee Laura Sly. On May 21, 2020, attorney Eugene Casazza entered an appearance on behalf of proposed interested parties and heirs.

[3] The exhibits attached to the petition to admit the will indicated that Broemer had been in contact with an attorney to finalize the estate planning documents. The exhibits showed that around September 3, 2019, Broemer indicated that he approved of the final estate planning documents and that he died two weeks later, before he had the opportunity to meet with the attorney and execute the documents.

[4] Appellant is Broemer's first cousin.

[5] Notice was also sent to VanPoppelen. However, it was later determined that VanPoppelen was not Broemer's heir.

[6] Attorney Casazza stated, among other things, that he was unable to participate in the October 28, 2020 hearing because of a scheduling conflict and that he had anticipated that the hearing would result in the scheduling of an evidentiary hearing.

attorney Casazza. On December 22, 2020, Sly objected to the purported heirs' petition. A pretrial conference was held on January 13, 2021. The resultant January 13, 2021 scheduling order required mediation by April 28, 2021, and provided that "non-appearance for mediation may result in sanctions." Mediation was scheduled for April 15, 2021.

On March 23, 2021, attorney Bilodeau sent a letter to unrepresented heirs, including appellant, on behalf the personal representative of the estate. The letter stated that Broemer's second cousins were contesting admission of Broemer's will. The letter also stated that "[i]f this will is upheld by the Court, the heirs of the estate would not receive their intestate share. Conversely, if the will is defeated, the heirs-at-law of the estate would receive their intestate share under Michigan law." The letter additionally advised, "Because you have not retained counsel, you have the right to appear in this matter on your own behalf. If you do not choose to participate, you will be bound by the actions or inactions of the Personal Representative of the Estate." The letter included a copy of the court's January 13, 2021 scheduling order. The letter also stated that mediation would occur on April 15, 2021. The letter provided instructions on how to join the Zoom proceeding in order to participate in mediation.

Sly, Nehra, and their counsel, as well as Daniels and approximately 95 purported heirs represented by attorney Casazza, attended mediation. A settlement agreement was reached at mediation and was executed by Sly, individually and as mother and next friend of Megan Sly, by Nehra, and by their counsel, as well as by attorney Casazza on behalf of the purported heirs. As part of the settlement agreement, attorney Casazza withdrew the objection to admission of Broemer's will. The settlement agreement provided, among other things, that "the Last Will and Testament of Terry Broemer as admitted to probate by the Court and the Trust drafted at the same date are confirmed to be the Last Will and Testament of the deceased." Additionally, the settlement agreement provided that the heirs at law, as determined by a determination of heirs[7] to be confirmed by court order, would share the sum of $406,075, and that the court would determine the share to which each heir at law was entitled.

On May 5, 2021, Sly filed a petition to approve the settlement agreement. A hearing to approve the settlement agreement was originally scheduled for June 9, 2021, but was adjourned to August 11, 2021, so that newly discovered heirs could be served with notice of the petition. On July 21, 2021, the petition to approve the settlement agreement and notice of the August 11, 2021 "hearing with remote participation," which included instructions on how to join the Zoom proceeding, were served on the unrepresented heirs, including appellant. The notice stated in capital letters: "ANY PERSON HAVING ANY OBJECTIONS TO THE SETTLEMENT AGREEMENT MUST MAKE ARRANGEMENTS TO BE PRESENT ON THE PROVIDED HEARING DATE, AND/OR FILE WRITTEN OBJECTIONS WITH THE COURT AND SERVE THE WRITTEN OBJECTIONS ON ALL INTERESTED PARTIES, OR THE COURT MAY TREAT YOUR FAILURE TO ATTEND AS A WAIVER OF ANY OBJECTIONS TO THE PETITION AND APPROVE THE SETTLEMENT AGREEMENT." Notice of the August 11, 2021 hearing was also published in the Oakland County Legal News on July 20, 2021.

---

[7] The heirs at law included all heirs named in the determination of heirs, whether or not represented by attorney Casazza.

Appellant did not attend the August 11, 2021 hearing on the petition to approve the settlement, nor did she file or serve any written objections. The court entered an order approving the settlement agreement the same day. The order provided that

> any interested party, heir, or otherwise, who has failed to state their Objection(s) to the Petition to Approve Settlement Agreement, either at the hearing or prior to the hearing, whether orally or in writing, is hereby deemed to have waived any objections to the terms of the Settlement Agreement and is precluded from objecting to the terms of the Settlement Agreement at a later date.

The order also provided that

> the Settlement Agreement is binding on the estate and its interested parties and heirs, *regardless of whether they elected to participate in mediation or attend the hearing on the* Petition to Approve Settlement Agreement.

Also on August 11, 2021, the court entered an amended order determining heirs and indicating the amount that each heir would receive.[8] On December 3, 2022, appellant acknowledged receipt of the estate's check representing her full distributive share as an unrepresented heir of the deceased less a prorated share of the actual costs and fiduciary fees.

On January 7, 2022, VanPoppelen, who had previously been determined not to be an heir at law, filed an objection to the estate's "administration and distribution," purportedly on behalf of herself and appellant. VanPoppelen asserted that Broemer's will was unsigned and undated and did not meet the legal requirements of a will. As such, VanPoppelen contended that Broemer died intestate and that his estate should be distributed in accord with the law of intestate succession. She also asserted that the distribution that appellant received did not reflect her proper intestate share of Broemer's estate.[9]

Appellant did not appear at the February 16, 2021 Zoom hearing regarding her objection. VanPoppelen presented argument on behalf of appellant under a purported power of attorney.[10] VanPoppelen did not address the validity of the will in her argument. Rather, she challenged appellant's share of the estate under the law of intestate succession.

The probate court found that VanPoppelen was engaging in the unauthorized practice of law. The court also found that the objection was untimely. The court found that appellant had received notice of mediation, that she had been advised that she could opt in or could opt out, and that she had been advised that "the mediation was binding on everyone, even if they chose not to participate, and that seems to be the situation[.]" The court stated that "the order we entered in

---

[8] On December 3, 2022, appellant acknowledged receipt of the estate's check in the amount of $7,424.75, representing her full distributive share of $9,688.45 as an unrepresented heir of the deceased less a prorated share of the actual costs and fiduciary fees.

[9] The objection did not assert MCR 2.612(C)(1) as a basis for relief.

[10] VanPoppelen never produced the alleged power of attorney in the probate court.

August was fair to everyone. There's no basis to overturn it at this point." The court entered an order denying appellant's objection.

## II. STANDARD OF REVIEW

"[A]ppeals from a probate court decision are on the record, not de novo." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "The trial court's factual findings are reviewed for clear error, while the court's dispositional rulings are reviewed for an abuse of discretion." *Id*. "The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *Id*. A finding of fact is clearly erroneous where it leaves this Court with the definite and firm conviction that a mistake has been made. *Jonkers v Summit Twp*, 278 Mich App 263, 265; 747 NW2d 901 (2008).

## III. ANALYSIS

### A. JURISDICTION AND STANDING

"If a petition is unopposed at the time set for the hearing, the court may either grant the petition on the basis of the recitations in the petition or conduct a hearing." MCR 5.104(C). Here, the petition to admit Broemer's will was unopposed at the time of the October 28, 2020 hearing, and the court granted the petition to admit the will. Appellant had notice of the hearing on the petition, but she did not file an objection to the admission of Broemer's will, did not attend the hearing on the petition, and did not challenge the October 28, 2020 order. The October 28, 2020 order was a "final order affecting the rights or interests of an interested person in a decedent estate," inasmuch as it "admit[ed] . . . to probate . . . a will, codicil, or other testamentary instrument." MCR 5.801(A)(2)(b). The order was therefore subject to an appeal by right from "a party or an interested person aggrieved by" the October 28, 2020 order. MCR 7.203(A)(2). Appellant, an interested person, see MCR 2.512(C)(14), did not take an appeal by right from that order. Nor did appellant seek leave to appeal that order.

However, the attorney for the represented heirs objected to the October 28, 2020 order and contested the will. Pursuant to MCR 5.120, the personal representative provided appellant notice that she had the right to intervene in the matter on her own behalf and that if she did not participate in mediation she would be bound by the actions of the personal representative. Appellant did not participate in mediation. Appellant subsequently received a copy of the petition to approve the settlement agreement that had been reached at mediation, as well as notice of the August 11, 2021 hearing on the petition to approve the settlement agreement. She had notice that failure to attend the hearing and make objections, or failure to file written objections to the petition, could be treated by the court as a waiver of any objections to the petition to approve the settlement agreement and that the court could approve the settlement agreement. Appellant did not attend the August 21, 2021 hearing on the petition and did not file written objections. In the absence of any objections to the petition to approve the settlement, the court entered orders on August 21, 2021, approving the binding settlement agreement, determining heirs, and ordering distribution of estate funds to heirs in accordance with the court's order.

The August 21, 2021 order was a "final order [of the probate court] affecting the rights or interest of an interested person in a proceeding involving a decedent estate," inasmuch as it

"approv[ed] . . . a settlement relating to a governing instrument as defined in MCL 700.1104(m)." MCR 5.801(A)(2)(e). The order was therefore subject to an appeal by right from "a party or an interested person aggrieved by" the August 21, 2021 order. MCR 7.203(A)(2). Appellant did not take an appeal by right from that order. Nor did appellant seek leave to appeal that order.

VanPoppelen subsequently filed an objection to the "administration and distribution" of the estate on January 7, 2022, essentially challenging the October 28, 2020 order, and the August 21, 2021 order, on the ground that Broemer's will did not meet the requirements of a valid will. To the extent that that the objection challenged the admission of the will, having failed to appeal as of right the October 28, 2020 order admitting the will, or the August 21, 2021 order approving the settlement agreement that withdrew the objection to admission of the will, appellant may not now challenge the probate court's decision regarding the admission of the will in the context of this appeal involving the February 16, 2022 order denying the objection. This Court lacks jurisdiction to review the previous orders.

Further, appellant did not file the objection on her own behalf, nor did she appear at the hearing on the objection filed by VanPoppelen. VanPoppelen is not an interested party in the estate. MCL 700.1105(c); MCR 5.125. VanPoppelen is not an attorney. She was engaged in the unauthorized practice of law in relation to the estate and lacked standing to raise the objection. Consequently, the probate court should have denied the objection on this basis. Indeed, the probate court recognized that VanPoppelen was engaged in the unauthorized practice of law. While we find that the probate court did not clearly err by finding that the objection was untimely, we affirm the denial of the objection on the basis of VanPoppelen's lack of standing to raise the objection. The probate court reached the right result by declining to consider any objections to the admission of the will.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant argues that she was denied the effective assistance of counsel by the deficient performance of attorney Casazza, the attorney for the represented heirs. Appellant also argues that she was denied due process of law and the opportunity to object to the admission of the will because she did not have access to the Zoom hearings. An issue is generally preserved for review if it was raised before or decided by the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Because appellant did not raise these issues below, they are unpreserved. Review of an unpreserved issue is limited to determining whether a plain error occurred that affected substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328-329; 750 NW2d 603 (2008).

Appellant admitted in the January 7, 2022 objection that attorney Casazza did not represent her in the probate court. The record supports that attorney Casazza did not represent appellant. Appellant provides no authority to support the assertion that she was entitled to appointed counsel or that counsel was appointed to represent her. She has not provided citation to the record to support her assertion. "Failure to adequately brief an issue constitutes abandonment." *Seifeddine v Jaber*, 327 Mich App 514, 520; 934 NW2d 64 (2019).

Appellant also argues that she was denied due process of law because she did not have access to Zoom hearings so that she could object to admission of the will. "Fundamentally, due

process requires that a party receive notice of the proceedings and a meaningful opportunity to be heard." *Duckett v Solky*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357346); slip op at 7 (quotation marks and citations omitted). The record is clear that appellant was provided notice of all proceedings and instructions on how to access the proceedings via Zoom.[11] There is no evidence on this record to support appellant's contention that she was denied access to the proceedings. Appellant has failed to establish that she was denied a meaningful opportunity to be heard.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien
/s/ Michelle M. Rick

---

[11] Appellant merely asserts that she was denied access to the Zoom proceedings. However, she provides no explanation for this assertion, nor does she provide evidence supporting the assertion.